**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4293**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TROY RENALD WASHINGTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00421)

———————

Submitted:  November 14, 2007        Decided:  December 7, 2007

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Angela Parrott, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Renald Washington pleaded guilty to possession of materials transported in interstate commerce depicting minors in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252A(a)(4)(B) (West 2000 & Supp. 2007), and was sentenced to 120 months in prison to be followed by a lifetime term of supervised release. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether Washington's sentence--in particular, his term of supervised release--is reasonable, but alleging no error by the district court and concluding there are no meritorious grounds for appeal. Washington was informed of his right to file a pro se supplemental brief, but has not done so. For the reasons that follow, we affirm.

This court will affirm a sentence that is within the statutorily prescribed range and is reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

Washington's 120-month sentence was the statutory mandatory minimum sentence because, as he acknowledged in his plea

agreement, Washington had "at least one prior conviction" relating to abusive sexual conduct involving a minor.* Absent a government motion filed pursuant to 18 U.S.C. § 3553(e) (2000), the district court lacked authority to sentence Washington below the statutory mandatory minimum sentence. See United States v. Allen, 450 F.3d 565, 568-69 (4th Cir. 2006). Moreover, the life term of supervised release was proper under both the applicable statute, see former 18 U.S.C. § 3583(k) (2000) (supervised release term for violation of § 2552A "is any term of years or life"), and guideline, see USSG § 5D1.2(c)(policy statement) (if sex offense committed, the statutory maximum term of supervised release is recommended). Accordingly, we find Washington's sentence is presumptively reasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Washington's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the

---

*Washington had prior state convictions for indecent liberties with a child and second degree exploitation of a minor.

- 3 -

client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED